UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61726-MC-COHN/SELTZER

UNITED STATES OF AMERICA,

        Petitioner,

v.

TRISTINA ELMES,

        Respondent.

_____/

**ORDER DENYING RESPONDENT'S MOTION FOR CIVIL RULE 11(b) SANCTIONS**

**THIS CAUSE** is before the Court on Respondent's Motion for Civil Rule 11(b) Sanctions [DE 8]. The Court has considered the Motion, the United States of America's Response [DE 9], Respondent's Reply [DE 12], and is otherwise advised in the premises.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). Sanctions are appropriate under Rule 11 of the Federal Rules of Civil Procedure where a party demonstrates that an opposing party's claims have no "reasonable factual basis." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

> Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose. Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law.

Id. (citations omitted).  "Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'" Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*) (quoting Pin v. Texaco, Inc., 793 F.2d 1448, 1455 (5th Cir. 1986)).  Sanctions "may be imposed for the purpose of deterrence, compensation and punishment." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992).

Respondent bases her Motion on seven separate instances of alleged errors or false statements contained in the Petitioner's pleadings.  As described below, the Court finds that the conduct complained of does not warrant the imposition of sanctions.

First, Respondent takes issue with the fact "that the IRS form 433A does not contain an OMB number as required for the collection of information from the public." DE 8 at 2.  The merits of this issue have been addressed by this Court in previous Orders.  See DE's 11 and 15.  Respondent's Motion does not contain any facts which would warrant the imposition of sanctions against the government employees involved in this proceeding.

Second, the Motion states that in response to Respondent's First Amendment arguments, "the government cites Bronner, St. German of Alaska, Eastern Orthodox Catholic Church, and Norcutt.  All these cases had to do with churches exercising their right to free association under the First Amendment.  Respondent has not claimed to be a church nor has she claimed any right to free association in this case." DE 8 at 3.  The government cited these cases for general principles of law and, thus, the government's behavior does not constitute a sanctionable offense.

Third, Respondent argues that the Internal Revenue Service Officer assigned to Respondent's case made a false statement in a declaration submitted in support of the Petition to Enforce Internal Revenue Service Summonses. The Declaration of W. Smith, Internal Revenue Officer, Internal Revenue Service states that "[t]he books, records, papers, or other data sought by the summons are not already in the possession of the Internal Revenue Service." Id. ¶ 7. Responsdent asserts that the "government was well aware of this to be a false statement. The government had already collected the very information it was attempting to collect from Respondent through a third-party summons." DE 8 at 4. The government acknowledges that it issued a third-party summons and "obtained information from a financial institution in which Elmes has an account." DE 9 at 2. However, the "bank information is only a part of the total data that the [IRS] has requested." Id. At a hearing before the Court on December 4, 2009, the United States acknowledged that the statement could have been more precise, i.e., by adding language which excluded the information already obtained through the third-party summons. Nevertheless, the Court does not find that this statement was an intentional attempt to mislead the Court which warrants the imposition of sanctions.

Fourth, the Motion contends that the "government then cites United States v. Roundtree, 420 F.2d 845, 852 (5th Cir. 1969) claiming that Respondent took a blanket Fifth Amendment privilege." DE 8 at 5. In fact, the government stated the following: "There is no blanket Fifth Amendment privilege. United States v. Roundtree, 420 F.2d 845, 852 (5th Cir. 1969)." DE 5 at 5. This sentence is a correct statement of the law. Moreover, Respondent has invoked the same blanket reason, i.e., fear of future

3

criminal prosecution by the IRS, to justify her invocation of the Fifth Amendment in response to almost all of the questions asked by the Revenue Officer.  Yet Respondent has never explained, *in camera* or otherwise, how the particular information sought by the IRS, such as whether she owns or leases any vehicles, could be incriminating. Accordingly, the Court will not impose sanctions based on these circumstances.

Fifth, Respondent argues that the following statement made by the government is "an out and out lie:" "even though she knew better, [Respondent] referred to Revenue Officer Smith as a 'Special Agent.'" DE 5 at 5.  This statement is based on the following exchange:

> Respondent: And I have a copy for you of a Handbook for Special Agents which discusses the waiver of constitutional rights.
>
> Smith: I'm not a special agent.
>
> Respondent: I know.  However, it quotes specific cases . . . where the taxpayer permitted a revenue agent to examine his books and records.

Ex. 1 to DE 4 at 18:25-19:6.  At best, the government was arguing that by handing Revenue Officer Smith a Handbook for Special Agents, Respondent was implying that Smith was a Special Agent.  At worst, the government's statement was a mistake.  In any event, given that the transcript was already before the Court and the government cited to the portion it was relying on for the statement in question, the Court does not find that this action warrants a sanction.

Sixth, Respondent argues that the Petitioner has mischaracterized <u>United States v. Argomaniz</u>, 925 F.2d 1349 (11th Cir. 1991).  In support of this claim, the Motion states the following:

4

> The government states that, "This case is distinguishable from Argomaniz, in that the taxpayer has not produced or indicated that the records or information are available for inspection by the court." What the Argomaniz court **actually** said was, "By producing documents in compliance with the IRS summons, Argomaniz would be establishing the existence and authenticity of the documents listed in the summons, as well as verifying that these documents were in his possession. Doe v. United States, 487 U.S. 201, 209, 108 S.Ct. 2341, 2347, 101 L.Ed.2d 184 (1987). He would actually be informing the government that he had income in the years in question yet failed to file income tax returns. **This act of production would be sufficiently testimonial and incriminating to activate Argomaniz's fifth amendment privilege**."

DE 8 at 6 (citing Argomaniz, 925 F.2d at 1356) (emphasis inserted by Respondent). In Argomaniz, the taxpayer had collected the requested documents. See Argomaniz, 925 F.2d at 1352 ("This box together with the boxes that I brought . . . contain such as [sic] the requested documents that were under my custody or control at the time of service of the summons . . . ."). Here, there has been no indication that Respondent has collected documents responsive to the IRS summons. This point is significant because if Respondent has not actually collected and examined the responsive documents in order to determine that a valid Fifth Amendment privilege exists, there is less credence to her arguments. Moreover, although the government sought to distinguish Argomaniz on certain grounds, it did acknowledge that "[t]his case is similar to Argomaniz." DE 5 at 6.

Finally, the Motion argues that "the government chose not to point to United States v. LaSalle Nat'l Bank that was cited in Argomaniz," DE 8 at 6, wherein the Supreme Court makes the point that the IRS investigatory system's "criminal and civil elements are inherently intertwined." United States v. LaSalle Nat'l Bank, 437 U.S. 298, 309 (1978). The government's reply accurately stated the current Eleventh Circuit

5

standard relying on Argomaniz and thus the Court finds that it was not a sanctionable offense to omit drawing the Court's attention to this specific quote from LasSalle.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Respondent's Motion for Civil Rule 11(b) Sanctions [DE 8] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of January, 2010.

_____
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record via CM/ECF

Tristina Elmes, *pro se*
1737 S.E. 14th Street
Fort Lauderdale, FL  33316